May Term, 1822.

JONES
v.
M'GREW.

(1) In an action by the indorsees against the indorsers of a promissory note, the defence was, that the defendants had refused to indorse it, until the plaintiffs agreed that it should be renewed when due; but that the plaintiffs, instead of calling for a renewal, had demanded payment of the note when due. Parol proof of this defence was rejected; and per Ld. *Ellenborough*, The parol condition is quite inconsistent with the written instrument. The condition for a renewal entirely contradicts the instrument which the defendants have signed. There may, after a bill is drawn, be a binding promise for a valuable consideration to renew it when due; but if the promise is cotemporaneous with the drawing of the bill, the law will not enforce *it*. This would be incorporating with a written contract an incongruous parol condition,—which is contrary to first principles. *Hoare et al.* v. *Graham et al.* 3 Camp. 57.

---

## JACOBS *v.* LEVENWORTH and Another, in Error.

*Monday, May 20.*

(1) Stat. 1820, p. 7;—1823, p. 190;—1828, p. 75.

---

## JONES *v.* M'GREW, on Appeal.

*Wednesday, May 22.*

ASSUMPSIT. Plea of payment setting out, conformably to the statute, a charge, inter alia, of 200 dollars on a contract by which the plaintiff had agreed with the defendant, that if the latter would finish, at his own charge, a boat which they had jointly undertaken to build, he would deliver him 100 barrels of pork to transport to New-Orleans, and pay him freight therefor at 2 dollars per barrel. The defendant avers performance on his part, and a breach on the part of the plaintiff.

*Held*, that this plea is insufficient under our statute of set-off; the contract stated sounding only in unliquidated damages.

*Held*, also, that there is no material difference between the debts which may be pleaded in payment under our statute, and those which may be set off under the statutes of 2 & 8 Geo. 2. 1 Tidd, 602-3.—2 Johns. R. 150 (1).

(1) So, if the action be for unliquidated damages, and not for a debt due, the defendant cannot set off a debt against the plaintiff's demand.   3 Stark. Ev. 1311.   To authorize a set-off, says Ch. *Kent*, the debts must be between the parties in their own right, and must be of the same kind or quality, and be clearly ascertained or liquidated.   *Duncan* v. *Lyon*, 3 Johns. Ch. R. 359. Vide Stat. 1817, p. 38;—1823, p. 294.